UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA BULLOCK, | No. 2:18-cv-0419 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the Administrative Law Judge improperly rejected plaintiff's subjective testimony and erroneously determined that plaintiff could perform past relevant work. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 9.)

1

of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

## PROCEDURAL BACKGROUND

In December of 2014, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on January 1, 2012.[3] (Transcript ("Tr.") at 13, 86-87, 346-55.) Plaintiff's alleged impairments included a back injury, heart condition, seizures, diabetes, and high blood pressure. (Id. at 115.) Plaintiff's applications were denied initially, (id. at 43-47), and upon reconsideration. (Id. at 49-53.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on December 7, 2016. (Id. at 472-507.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 473-74.) In a decision issued on March 21, 2017, the ALJ found that plaintiff was not disabled. (Id. at 21.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2017.
>
> 2. The claimant has not engaged in substantial gainful activity since July 1, 2014, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; tendinitis of the right shoulder; diabetes; and a history of heart disease and peripheral artery disease status post stent placements in the left lower extremity (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work activities with the following limitations: she can lift and carry 10 pounds frequently and 20 pounds occasionally. She can sit for 6 hours in an 8-hour workday. She can stand and/or walk for 6 hours in an 8-hour workday. She is precluded from

---

[3] Plaintiff later amended the alleged onset date to July 1, 2014. (Tr. at 477.)

2

climbing ladders, ropes, and scaffolds. She is limited to no more than occasional climbing of ramps and stairs. She is limited to no more than occasional balancing, stooping, kneeling, crouching, and crawling. She is limited to no more than frequent overhead reaching with the right upper extremity. She requires the ability to briefly change positions from sitting to standing and vice versa every 30 minutes, but she is able to remain at the work station while doing so.

6. The claimant is capable of performing past relevant work as an Insurance Clerk (DOT 219.367-014; sedentary exertional level; performed by the claimant at the sedentary exertional level; semi-skilled; Specific Vocational Preparation level (SVP) 4). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2014, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 15-21.)

On February 7, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's March 21, 2017 decision. (Id. at 6-10.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 24, 2018. (ECF No. 1.)

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

3

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ erroneously rejected plaintiff's subjective testimony; and (2) the ALJ failed to properly evaluate plaintiff's past relevant work.[4] (Pl.'s MSJ (ECF No. 16) at 12-17.[5])

/////

/////

---

[4] The court has reordered, and reorganized, plaintiff's claims for purposes of clarity and efficiency.

[5] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

## I. Plaintiff's Subjective Testimony

Plaintiff argues that the ALJ impermissibly rejected plaintiff's subjective testimony and failed to consider plaintiff's statements concerning pain. (Id. at 13-17.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[6] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other

---

[6] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

5

things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found as follows:

> The claimant is a 59-year-old former insurance clerk who complains of chronic back pain that radiates to the lower extremities, causing pain and numbness. She also complains of fatigue, dyspnea on exertion, dizziness, nausea, chest pain, right shoulder pain, and leg pain and weakness. She allegedly has difficulties with physical exertion, postural activities, reaching, and sleep. She allegedly needs to change positions and take naps often throughout the day. Her medications cause headaches and sleepiness.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained below.[7]

(Tr. at 17.)

In identifying what testimony undermined plaintiff's complaints, the ALJ noted that plaintiff's right should tendinitis had been treated with conservative treatment, consisting "primarily of medication," without the need for physical therapy or surgical intervention. (Id. at

---

[7] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

18.) That "the treatment for [plaintiff's] diabetes consist[ed] primarily of diet" without medications or insulin injections. (Id.) And that plaintiff's history of heart disease and peripheral artery disease was possibly worsened by plaintiff's continued cigarette smoking. (Id.) Each of these reasons is a clear and convincing reason to find plaintiff's testimony undermined as to those complaints. See generally Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) ("a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain"); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (continued smoking one of several reasons that undermined testimony); Jones v. Colvin, No.1:14-cv-1991 JLT, 2016 WL 816484, at *8 (E.D. Cal. Mar. 2, 2016) ("courts throughout the Ninth Circuit have determined that smoking against medical advice— particularly where a condition is aggravated by smoking—undermines the credibility of a claimant's subjective complaints").

However, the ALJ also found that plaintiff's testimony concerning back pain was undermined by a lack of objective evidence. (Tr. at 18.) But "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Moreover, the evidence discussed by the ALJ in support of this finding undermines the ALJ's conclusion. As noted by the ALJ, a September 12, 2014 CT scan of plaintiff's lumbar spine showed "mild to moderate desiccative narrowing of the L3 disc with possible L4 nerve root irritation as well as L5 par spondylolysis with . . . minimal listhesis." (Tr. at 18.) A November

7

18, 2014 MRI revealed "narrowing of central canal and neural foramen . . . mild generalized facet arthropathy; and . . . grade I spondylolisthesis of L5 vertebra." (Id.) A November 17, 2015 MRI found "moderate indentation of the thecal sac and narrowing of the left neuroformen at the L3-4 level." (Id.)

The ALJ went on to acknowledge that plaintiff "demonstrated diminished range of motion in the back, antalgic movements, and positive orthopedic tests[.]" (Id.) The ALJ asserted that "there is little objective evidence that any surgical intervention has been recommended for her back disorder." (Id.) However, in June of 2016, plaintiff underwent a rhizotomy.[8] (Id. at 325.)

The ALJ went on to find that all of plaintiff's testimony was undermined by plaintiff's "daily activities" of cooking, cleaning, doing laundry, driving a car, and the ability "to walk on 'heel-shoes[.]'" (Id. at 19.) However,

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012). In this regard, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

The ALJ also noted that "[t]hrough June 2014" plaintiff "could take care of 6 grandchildren and lift and carry 50 pounds." (Tr. at 19.) Plaintiff, however, alleged disability "since July 1, 2014," for impairments that include "degenerative disc disease[.]" (Id. at 15.)

---

[8] "It appears that a rhizotomy is a surgical procedure that involves the surgical destruction of the anterior or posterior spinal nerve roots to relieve pain." Brownlee v. Colvin, Case No. 2:14-cv-1724 AC, 2016 WL 1090572, at *10 (E.D. Cal. Mar. 21, 2016).

8

With a degenerative disease, "one would expect that Plaintiff's condition would worsen over time." Geary v. Berryhill, Case No. 1:17-cv-1340 SKO, 2018 WL 6182186, at *12 (E.D. Cal. Nov. 27, 2018). At the December 7, 2016 hearing plaintiff testified that she could lift only a "half-a-gallon" of milk. (Tr. at 492.)

Finally, the ALJ noted that plaintiff "showed no persuasive evidence of debilitating pain or discomfort while testifying at the hearing" or "during a face-to-face interview with an employee of the Social Security Administration[.]" (Id. at 19.) However, "[t]he ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007); see also Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985) ("The ALJ's reliance on his personal observations . . . at the hearing has been condemned as 'sit and squirm' jurisprudence."); Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984) ("The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible.").

Accordingly, the court finds that the ALJ failed to offer a clear and convincing reason for rejecting plaintiff's testimony concerning plaintiff's impairments from back pain. Plaintiff, therefore, is entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

## II. Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" Carmickle v. Comm'r, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted).

Here, plaintiff argues that plaintiff's "physical condition prohibits" plaintiff from performing past relevant work as an insurance clerk because "[c]ommon experience dictates an insurance clerk works on a computer sitting," and plaintiff "states she cannot sit for a significant

time." (Pl.'s MSJ (ECF No. 16) at 13.) However, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to "sit for 6 hours in an 8-hour workday." (Id. at 17.) Plaintiff has not established that the ALJ's RFC determination was erroneous.[9] At the December 7, 2016 hearing, a Vocational Expert ("VE") testified that a person with plaintiff's RFC could perform the job of insurance clerk. (Tr. at 500.) "A VE's recognized expertise provides the necessary foundation for his or her testimony." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

Accordingly, the court finds that plaintiff is not entitled to summary judgment on this claim.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,
////

---

[9] However, the ALJ's erroneous treatment of plaintiff's subjective testimony may have resulted in an erroneous RFC determination.

10

775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, in light of the single ALJ error, the court cannot say that further administrative proceedings would serve no useful purpose. This case, therefore, will be remanded for further administrative proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 21) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: August 27, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\bullock0419.ord